# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-16-TLS |
| | ) | |
| HENRY C. PURIFOY, III | ) | |

## OPINION AND ORDER

The Defendant, Henry C. Purifoy, III, pled guilty to Count 1 of an Indictment, felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) in anticipation of the Defendant's sentencing. The Defendant objects to certain portions of the PSR, raising one issue: whether the Criminal History Category of VI, as determined in the PSR, substantially over-represents the seriousness of the Defendant's criminal history. The Defendant has also filed a Sentencing Memorandum [ECF No. 37], filed on December 22, 2014, in which the Defendant raises the same arguments as his objection and requests that he be sentenced to a term of imprisonment of 57 months. The Defendant's objection to the PSR and request for a downward variance is ripe for ruling.

## ANALYSIS

The Defendant argues that the PSR's criminal history calculation over-represents the seriousness of his criminal history. In particular, the Defendant argues that his criminal history calculation should be 12 points, resulting in Criminal History Category V, as opposed to the PSR's calculation of 14 points, resulting in Criminal History Category VI. The Defendant contends that two of his prior convictions stem from offenses committed on the same date, same

time, same location, and same arrest and therefore should not have been counted separately. The Government argues that the PSR correctly counts the two convictions separately because, pursuant to U.S.S.G. §4A1.2(a)(2), the convictions have different charging instruments filed on different dates as well as different sentencing dates. The Sentencing Guidelines specifically provide that "[i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentences results from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence." U.S.S.G. §4A1.2(a)(2). Thus, by their explicit terms, the Guidelines require the two convictions of the Defendant at issue to be counted separately because they have different charging instruments and different sentencing dates. Therefore, the Defendant's objection to the PSR's calculation of his criminal history will be overruled.

When sentencing a defendant, however, the district court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Nelson v. United States*, 555 U.S. 350, 351 (2009); *see also United States v. Panice*, 598 F.3d 426, 441 (7th Cir. 2010) (setting forth the two-step process that a sentencing court must engage in to determine a defendant's sentence); *United States v. Bush*, 523 F.3d 727, 729 (7th Cir. 2008) (same). While the Defendant's objection to the PSR lacks merit, the Court must still apply the criteria set forth in § 3553(a) to the facts and circumstances of the Defendant's particular case. After considering the § 3553(a) factors, a court must impose a sentence that is sufficient, but not greater than necessary, to satisfy the following purposes of sentencing: just punishment, respect for the law, deterrence, protection of the public, and rehabilitation of the defendant. In making this determination, a district court may not presume that the guideline sentence is the correct one. *Nelson*, 555 U.S. at

352; *Rita v. United States*, 551 U.S. 338, 351 (2007). When evaluating the Guidelines recommendation, a court may consider whether the Sentencing Commission fulfilled its "characteristic institutional role" in adopting the particular guideline, *see Kimbrough v. United States*, 552 U.S. 85, 109 (2007), and the court may reject any guideline on policy grounds, *United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010). Ultimately, a court must make an independent determination, taking into account the types of sentences available, the other relevant § 3553(a) factors, and the arguments of the parties. *See Gall v. United States*, 552 U.S. 38, 49–50 (2007).

Of particular relevance here is § 3553(a)(1), which requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The Court notes the unusual circumstances surrounding the two prior convictions, which were part of the same offense conduct occurring on the same date, time, and location when the Defendant was arrested. While the Guidelines technically require the two convictions to be counted separately, the Court finds that the convictions were part of the same overall offense conduct with respect to the Defendant's criminal history. Although he was convicted of both offenses separately, the same criminal conduct provided the basis for each offense. Considering the history and characteristics of the Defendant as it pertains to the calculation of his criminal history, the Court finds it more appropriate to consider the two convictions together rather than separately because each offense came about based on the same course of conduct.

Therefore, the Court finds that, based on the nature and circumstances of the offense, and the history and characteristics of the defendant, as well as all of the purposes of punishment— including the need to provide just punishment for the offense, to impose a sentence that reflects the seriousness of the offense and that promotes respect for the law, to adequately deter future

criminal conduct, to protect the public from future crimes of the defendant, and to avoid unwarranted disparity in sentencing—the Court finds that a sentence of 57 months of imprisonment is sufficient, but not greater than necessary, to comply with the purposes of punishment.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES the Defendant's objection to the PSR, and GRANTS the Defendant's request for a variance pursuant to 18 U.S.C. § 3553(a). The Court finds that a sentence of 57 months of imprisonment is sufficient but not greater than necessary to meet the purposes of sentencing in this case and is consistent with the statute. The Sentencing set for Thursday, February 12, 2015, at 9:30 AM is CONFIRMED.

SO ORDERED on February 9, 2015.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT